IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| NAOMI GRANT,[1] | § |
| | § No. 483, 2025 |
| Respondent Below, | § |
| Appellant, | § Court Below—Family Court |
| | § of the State of Delaware |
| v. | § |
| | § File No. CN23-03309 |
| DEREK TYSON-DAVIS, | § Petition No. 25-11953 |
| | § |
| Petitioner Below, | § |
| Appellee. | § |

Submitted: December 31, 2025
Decided: January 20, 2026

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## ORDER

After consideration of the notice to show cause and the response, it appears to the Court that:

(1) On December 1, 2025, Naomi Grant ("Mother") filed this appeal from a Family Court consent order, dated September 22, 2025, granting her joint legal custody and visitation with her children. A timely appeal of the order would have been filed by October 22, 2025. The Senior Court Clerk issued a notice directing Mother to show cause why the appeal should not be dismissed as untimely. In her

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

response, Mother stated that incorrect information about filing an appeal and her job prevented her from filing a timely appeal.

(2) Time is a jurisdictional requirement.[2] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[3] Mother contends that she was provided with the incorrect paperwork for filing a timely appeal, but the documents she submits in support of this claim are dated after the appeal deadline expired. Mother has not shown that her failure to file a timely appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rules 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[3] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).